## WEED'S ESTATE v. UNITED STATES.
### Civ. No. 2079.

United States District Court,
E. D. Texas, Beaumont Division.

Oct. 1, 1952.

R. B. Cannon, Fort Worth, Tex., for plaintiffs.

Warren G. Moore, U. S. Atty., Tyler, Tex., for defendant.

SHEEHY, District Judge.

This suit was instituted by the Estate of James F. Weed, deceased, and his surviving wife, Mrs. Cora L. Weed, under the Internal Revenue Laws of the United States, to recover sums paid by them to the Collector of Internal Revenue for the First Collection District of Texas as alleged deficiencies in income tax and interest thereon for the taxable period April 14, 1943 to December 31, 1943 and for the calendar year 1944. The Plaintiffs alleged that the entire amount of the deficiencies so paid constituted overpayments and they sought the refund thereof, as well as the interest paid, together with interest on the alleged overpayments and interest paid as provided by law. Plaintiffs have now withdrawn their claim or contention that the Estate of James F. Weed, deceased, overpaid its 1944 income and now limit their cause of action to the allegations that the Estate of James F. Weed, deceased, is due a refund of income and victory taxes and interest paid for the period April 14, 1943 to December 31, 1943 and that Mrs. Cora L. Weed is due a refund of income taxes and interest paid for the calendar year 1944 and that both the Estate of James F. Weed and Mrs. Cora L. Weed are due interest on such overpayments of tax and interest paid thereon in accordance with applicable laws.

The parties hereto have entered into and filed herein a stipulation of facts and have agreed to the submission of this case to the Court for determination on the stipulation of facts and the facts alleged by Plaintiffs in their complaint, which were admitted by the Defendant in its answers filed herein.

The facts having been stipulated, the principal questions presented for determination are:

(1) Did the Commissioner of Internal Revenue err in including in the income of the Estate of James F. Weed, deceased, for the taxable period April 14, 1943 (date of Weed's death) to December 31, 1943 all of the income received from the properties, which prior and at the time of Weed's death constituted the community property of Mr. and Mrs. Weed less distributions actually paid over to Mrs. Weed during said period?

(2) As to calendar year 1944, may Mrs. Cora L. Weed, under any theory of the law, be taxed with more than one-half of the net income for the calendar year 1944 from the properties owned by her in common with her deceased husband?

### Findings of Fact

**1.**

James F. Weed and Mrs. Cora L. Weed were, during the lifetime of James F. Weed and at the time of his death, husband and wife domiciled in and residents of Beaumont, Jefferson County, Texas, and on April 14, 1943 James F. Weed, died testate, leaving a substantial estate, which consisted in the main of his community interest in and to property owned by him and his surviving wife in community at the date of his death.

**2.**

By his will, James F. Weed appointed his surviving wife, Cora L. Weed, Wm. F. Weed and Will E. Orgain, all residents of Beaumont, Texas, as Independent Executors of his will and estate, and each of them duly qualified as such, and they are now and at all times pertinent hereto. were, the duly appointed, qualified and acting Independent Executors of the Estate of James F. Weed, deceased, within the purview and meaning of the applicable laws of the State of Texas.

**3.**

On April 14, 1943, a set of books was opened by the Executors of the Estate of James F. Weed, deceased, in which they recorded all the property that was owned by James F. Weed and Cora L. Weed in community, and all debts due by the community estate. The community assets, as reflected by said books totaled $1,686,162.98. The debts and liabilities (exclusive of federal and Texas estate taxes) totaled $45,196.63. In its federal and Texas estate tax returns, the Estate of James F. Weed, deceased, showed tax liabilities of $426,385.36 and $62,204.10, respectively. (Under the Federal Internal Revenue laws, then in force, the estate of Mr. Weed, for tax purposes, included all the assets owned in community by Mr. & Mrs. Weed during Mr. Weed's lifetime.)

**4.**

All debts of the Estate of Weed, other than estate taxes, were paid within a few weeks after the death of James F. Weed and the estate had ample liquid assets with which to meet and pay all debts and liabilities of the estate including all income, estate and inheritance taxes.

**5.**

On October 31, 1943, in compliance with Mrs. Weed's request that there be set apart to her on the books of the estate her undivided one-half of the community estate and all receipts of income therefrom, the executors caused the bookkeeper for the estate to make the bookkeeping entries necessary to do that, and on that date the first of the entries was made, namely, one-half of the book value of each and every asset of the community estate of Mr. and Mrs. Weed was eliminated from the assets of the Estate of James F. Weed and transferred, i. e., credited to the account of Mrs. Weed, and thereafter Mrs. Weed was, at least annually, credited with the net income from the properties so set apart to her by entry on the books of the estate (one-half of the net community estate) in the manner hereinabove mentioned. The income from the period April 14, 1943 to December 31, 1943, from the share of the community estate thus set apart to Mrs. Weed was, on December 31, 1943, credited to her account and made unqualifiedly subject to her demands, that is to say, such income could have been withdrawn by her at any time by merely requesting a check from the bookkeeper, without further authorization from the executors. During the period April 14, 1943 to December 31, 1943 Mrs. Weed made withdrawals from said funds so set aside to her on the books of the estate totaling $11,226.67 of which $8,976.40 was allocated by the Collector of Internal Revenue to taxable income and allowed to the estate as a deduction for that period. During the calendar year 1944, Mrs. Weed withdrew $45,000, of which $29,682.41 was allocated to taxable income and allowed to the estate as a deduction.

**6.**

For the period April 14, 1943 to December 31, 1943, the assets that during his lifetime had been owned in community by James F. Weed, deceased, and Cora L. Weed produced the following income, and deductible expenses connected therewith were incurred as follows:

*Gross Income:*

| | |
|---|---|
| Dividends | $15,075.58 |
| Interest on corporate bonds, notes, etc. | 3,071.16 |
| Interest on Government obligations (partly taxable) | 1,804.86 |
| Interest on Government obligations (fully taxable) | 625.00 |
| Rents and royalties | 28,586.06 |
| Net long term capital gain (100%) | 78.50 |
| Other income | 642.62 |
| Total | $49,883.78 |

*Allowable Deductions:*

| | |
|---|---|
| Loss from trade or business | $ 707.86 |
| Interest paid | 92.00 |
| Taxes (business properties) | 3,659.82 |
| Other allowable deductions | 14,571.36 |
| Total | $19,031.04 |

**7.**

For the calendar year 1944, the assets that during his lifetime had been owned in community by James F. Weed, deceased, and Cora L. Weed produced the following income, and deductible expenses connected therewith were incurred as follows:

*Gross Income:*

| | |
|---|---|
| Dividends | $22,287.72 |
| Interest (subject to surtax only) | 535.42 |
| Interest (U. S. fully taxable) | 1,607.00 |
| Interest on corporate bonds, Notes, etc. | 3,032.20 |
| Rents and royalties | 65,767.08 |
| Capital gains and losses (100%) (Long-term Capital Gains) | 4,838.27 |
| Other income | 40.00 |
| Total | $98,107.68 |

*Allowable Deductions:*

| | |
|---|---|
| Taxes | $ 3,543.11 |
| Other allowable deductions | 17,822.91 |
| Loss from ranching | 23,554.20 |
| Total | $44,920.22 |

In the same period, viz., the calendar year 1944, Mrs. Cora L. Weed derived separate income and incurred separate deductions as follows, to-wit:

*Gross Income:*

| | |
|---|---|
| Interest, U. S. bonds (fully taxable) | $ 1,179.69 |
| Annuities | 293.14 |
| Capital gains and losses (100%) (Long-term Capital Gains) | 211.02 |
| Total | $ 1,683.85 |

*Allowable Deductions:*

| | |
|---|---|
| Contributions | $ 2,585.00 |
| Taxes | 115.42 |
| Total | $ 2,700.42 |

**8.**

The Estate of James F. Weed, deceased, and Mrs. Cora L. Weed each filed an income tax return for the period April 14, 1943 to December 31, 1943 and for the calendar year 1943, respectively, and each of them filed an income tax return for the full calendar year 1944. In its said return for the period April 14, 1943 to December 31, 1943, which disclosed liability for income and victory tax in the amount of $5,211.01, the Estate of James F. Weed, deceased, reported only one-half of the income from community property for that period, and, in the returns filed by them for the calendar year 1944, the Estate and Mrs. Cora L. Weed each reported one-half of the income from community property. The 1944 income tax return of Mrs. Cora L. Weed disclosed a tax liability of $10,679.97.

**9.**

Upon field examination, the Commissioner of Internal Revenue held that the Estate of James F. Weed was required, in the first instance, to include in its gross taxable income the entire amount of income from

community property for both the taxable period and taxable year above referred to and that the estate was entitled to deduct from income the amounts of income, and no more, paid out to Mrs. Weed in cash within the year and that Mrs. Weed was required to return for taxation the sums so distributed to her.

10.

Based on the holdings of the Commissioner above referred to, the Commissioner determined that the Estate of James F. Weed, deceased, was due a deficiency in income tax for the period April 14, 1943 to December 31, 1943 in the amount of $5,195.85, and this sum, together with interest in the amount of $1,037.27, was paid by the Estate as a deficiency assessment on August 23, 1947. Following the same theories, the Commissioner determined that Mrs. Cora L. Weed was due a deficiency in income tax for the calendar year 1944 in the amount of $2,216.17, which amount, together with interest in the sum of $306.89, was paid as a deficiency assessment by Mrs. Weed on August 23, 1947.

11.

If the Estate of James F. Weed, deceased, were required to show as income for the period April 14, 1943 to December 31, 1943 only the income derived from one-half of the community estate of Mr. & Mrs. Weed, insofar as community property is concerned, the correct income and victory tax liability of the Estate of James F. Weed for the period April 14, 1943 to December 31, 1943 was $5,148.69 and said estate was not due any portion of the interest in the amount of $1,037.20 paid by it for that taxable period.

12.

If Mrs. Cora L. Weed for the calendar year 1944 could be taxed with no more than one-half of the net income for that calendar year from the properties owned by her in common with her deceased husband, the correct tax liability for Mrs. Weed for the calendar year 1944 was $9,966.66 and she owed no portion of the interest in the amount of $306.89 paid by her for calendar year 1944.

13.

On or about May 12, 1947, the Defendant herein made a tax refund to the Estate of James F. Weed, deceased, in the amount of $1,803.54 and, by agreement of the parties hereto, any overpayment of income and victory taxes by the Estate of James F. Weed, deceased, for the period April 14, 1943 to December 31, 1943 and for the calendar year 1944 is to be credited with said sum of $1,803.54.

Conclusions of Law

1.

Within the taxable period April 14, 1943 to December 31, 1943 and the calendar year 1944, respectively, one-half of the net income of the community property of Mrs. Weed and her deceased husband was "properly paid or credited" to Mrs. Weed within the meaning of the applicable Internal Revenue laws. Section 162(c), Internal Revenue Code, 26 U.S.C.A. § 162(c).

2.

For the period April 14, 1943 to December 31, 1943 and for the calendar year 1944, the Estate of James F. Weed, deceased, and Mrs. Cora L. Weed each should have been permitted and required to report as its, or her, income one-half, and no more, of the net income for the said taxable periods from the properties comprising the community Estate of James F. Weed, deceased, and Mrs. Weed at the time of Weed's death.

3.

For the period April 14, 1943 to December 31, 1943, the Estate of James F. Weed, deceased, has overpaid its income and victory tax liability by the amount of $5,258.-17 and, therefore, the Estate of James F. Weed, deceased, is entitled to recover of and from the Defendant herein the sum of $4,491.90 with interest thereon as provided by law from August 23, 1947 until paid and costs of suit and judgment in favor of the Estate of James F. Weed, deceased, in such amount should be entered herein.

4.

For the calendar year 1944, Mrs. Cora L. Weed overpaid her income tax liability

by the amount of $2,927.88 and it follows that she is entitled to recover from the Defendant herein the sum of $3,236.77, with interest as provided by law on $2,523.06 of such sum from August 23, 1947 until paid and costs of suit and judgment for such amount should be entered for Mrs. Weed herein.